08-3823-cv
*In re Air Crash Near Peixoto De Azeveda, Brazil, on September 29, 2006*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## AMENDED SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of December, two thousand and nine.

Present: JOSEPH M. McLAUGHLIN,
         PIERRE N. LEVAL,
         RICHARD C. WESLEY,
                    *Circuit Judges.*

_____

LLERAS, ET AL., 06 Civ. 6083; DE SOUZA LEMOS, 07 Civ. 2031; ABREU, 07 Civ. 2585; SWENSSON DE MATTOS, 07 Civ. 2590; DA SILVA, 07 Civ. 2975; RODRIGUES, 07 Civ. 2976; RODRIGUES, 07 Civ. 2977; FALCAO, 07 Civ. 2978; BONAROSKI, 07 Civ. 2981; ACKER, 07 Civ. 2982; SILVA, 07 Civ. 2986; AZEVEDO, 07 Civ. 2987; RODRIGUES, 07 Civ. 2989; RODRIGUES, 07 Civ. 2990; RODRIGUES, 07 Civ. 2997; CALANDRINI, 07 Civ. 2996; QUEIROZ, BARRETO, 07 Civ. 3005; 07 Civ. 2999; LINS, 07 Civ. 3004; BATALHA, 07 Civ. 3012; MICHEL, 07 Civ. 3016; GUIDI, 07 Civ. 3017; CALANDRINI, 07 Civ. 3018; CUSTODIO, 07 Civ. 3019; AMORIM, 07 Civ. 3023; BRESSAN, 07 Civ. 3025; MURTA, 07 Civ. 3026; PANIZZI,

1

07 Civ. 3027; FREIXO, ET AL., 07 Civ. 2979; TORRES, 07 Civ. 3039; SABELLI, 07 Civ. 3030; LAGES, 07 Civ. 3031; ARRUDA, 07 Civ. 3032; ASSIS, 07 Civ. 3035; COLOGNESE, 07 Civ. 3041; REIS, 07 Civ. 3042; CARVALHO, 07 Civ. 3038; RICKLI, 07 Civ. 3911; SILVA, 07 Civ. 4403; PEREIRA, 07 Civ. 4404, SALVINI, 07 Civ. 4405; BARRETO, 07 Civ. 4406; NUNES, 07 Civ. 4407; CELESTINO DE SOUZA, 08 Civ. 0064; DA SILVA, 08 Civ. 1217; SOUZA, ET AL., 08 Civ. 0477,

                    *Plaintiffs-Appellants*,


HANCOCK, 07 Civ. 2587; NOE, 07 Civ. 2984; SILVA, 07 Civ. 3013; LUCIA MARIA CARVALHO DE SAN GERALDI DE FARIAS, 07 Civ. 3339; BRAULE, 07 Civ. 3000; NETO, 07 Civ. 3002; MIRANDA, 07 Civ. 2586; RADESCA, 07 Civ. 2974; PADILHA, 07 Civ. 3007; MARTINS BARATO, ET AL., 08 Civ. 2170; LIMA, 07 Civ. 3001; MACENA, 07 Civ. 3033; LESQUEVES, 07 Civ. 3014; DORIA, 07 Civ. 3022; GARCIA, 06 Civ. 5964; OLIVERIA, 07 Civ. 2995; BARBOSA, 07 Civ. 2998; CARVALHO, 07 Civ. 3003; MACHADO, 07 Civ. 3015; ROSA, 07 Civ. 3010; NARANJO, 07 Civ. 3024; SANTOS, 07 Civ. 3040; GONCALVES, 07 Civ. 3029; LOPES, 07 Civ. 3340,

                    *Plaintiffs,*


                    - v. -                                    (08-3823-cv)


EXCELAIRE SERVICES INC., ET AL.; RAYTHEON COMPANY; HONEYWELL INTERNATIONAL, INC.; AMAZON TECHNOLOGIES COMPANY; EMBRAER AIRCRAFT CUSTOMER SERVICES, INC.; AVIATION COMMUNICATIONS AND SURVEILLANCE SYSTEMS LLC; JAN PAUL PALADINO; LOCKHEED MARTIN CORPORATION; JOSEPH LEPORE,

                    *Defendants-Appellees.*[*]

---

[*] The Judicial Panel on Multidistrict Litigation transferred all cases filed in United States district courts arising from the subject crash to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1407; *In re Air Crash Near Peixoto de Azeveda, Brazil on Sept. 29, 2006*, 493 F. Supp. 2d 1374 (Jud. Pan. Mult. Litig. 2007). District court docket numbers are included in the caption for purposes of clarity. The Clerk

---

Appearing for Appellants:  STEPHEN F. ROSENTHAL, Podhurst Orseck, P.A., Miami, Florida (STEVEN CRAIG MARKS, RICARDO M. MARTINEZ-CID, Podhurst Orseck, P.A., Miami, Florida; ROBERT L. PARKS, Law Office of Robert L. Parks, P.L., Coral Gables, Florida; STEVEN E. FINEMAN AND LEXI J. HAZAMN, Lieff, Cabraser, Heimann, & Bernstein LLP, New York, New York; CURTIS B. MINER, Colson Hicks Eidson, Coral Gables, Florida; MICHAEL P. VERNA, Bowles & Verna LLP, Walnut Creek, California; JAMES P. KREINDLER, Kreindler & Kreindler LLP, New York, New York, *on the brief*).

Appearing for Appellee
ExcelAire Service Inc.:  ANN THORNTON FIELD, Cozen O'Connor, Philadelphia, Pennsylvania.

Appearing for Appellee
Honeywell International,
Inc:  ERIN M. BOSMAN, Morrison & Foerster LLP, San Diego, California (DON G. RUSHING, Morrison & Foerster LLP, San Diego, California and Charles L. Kerr, Morrison & Foerster LLP, New York, New York, *on the brief*).

Appearing for Appellee
Raytheon Company:  EDWIN JOHN U, Kirkland & Ellis LLP, Washington, DC (BRANT W. BISHOP, MICHAEL D. SHUMSKY, Kirkland

of the Court is directed to amend the official caption as set forth above.

3

& Ellis LLP, Washington, District of Columbia, *on the brief*).

Appearing for Appellee Aviation Communication & Surveillance Systems, LLP:

RALPH VINCENT PAGANO, Mendes & Mount LLP, New York, New York.

Appearing for Appellee Lockheed Martin Corporation:

CHRISTOPHER D. THOMAS, BENJAMIN R. DWYER, Nixon Peabody LLP, Rochester, New York.

Appearing for Appellee Amazon Technologies Company:

RANDAL R. CRAFT, JR., ALAN D. REITZFELD, Holland & Knight LLP, New York, New York.

Appearing for Appellee Joseph Lepore:

JAMES A. GALLAGHER, JR., Gallagher Gossen Faller & Crowley, Garden City, New York.

Appearing for Appellee Jan Paladino:

GEORGE P. MCKEEGAN, McKeegan & Shearer P.C., New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the United States District Court for the Eastern District of New York be **AFFIRMED**.

4

This multi-district litigation involves wrongful death claims brought by surviving family members of passengers of Gol Linhas Inteligentes S.A. Boeing 737-800 Flight 1907, which crashed in the Amazon rainforest on September 29, 2006, killing all on board. Plaintiffs in this action are Brazilian citizens and residents. The decedents they represent were also Brazilian citizens and residents at the time of their death. Plaintiffs appeal the grant of a motion to dismiss on grounds of *forum non conveniens*, entered on July 2, 2008. *In re Air Crash Near Peixoto De Azeveda, Brazil, on Sept. 29, 2006*, 574 F. Supp. 2d 272, 275 (E.D.N.Y. 2008). We presume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

For substantially the reasons stated in the decision of the district court, we affirm. It is by now well-established that "[t]he *forum non conveniens* determination is committed to the sound discretion of the trial court." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981). We will reverse "only when there has been a clear abuse of discretion." *Id.* When, as in this case, the "court has

considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." *Id.*

The district court properly determined the degree of deference owed to Plaintiffs' choice of forum. *In re Air Crash Near Peixoto*, 574 F. Supp. 2d at 282; *see Iragorri v. United Techs. Corp.*, 274 F.3d 65, 71-72 (2d Cir. 2001). The district court was well within its discretion in concluding that Brazil is an available and adequate alternative forum. *In re Air Crash Near Peixoto*, 574 F. Supp. 2d at 284-85; *see Piper*, 454 U.S. at 255 n.22. Finally, the district court thoroughly assessed the private and public interest factors attending a *forum non conveniens* determination, and properly found that "the important factors of lack of jurisdiction in this forum over potentially liable parties and the lack of compulsory process over witnesses and evidence in Brazil, together with other considerations, swing the balance sufficiently to make this forum genuinely inconvenient and a Brazilian forum significantly preferable." *In re Air Crash Near Peixoto*, 574 F. Supp. 2d at 289 (internal quotation marks omitted); *see also Iragorri*, 274 F.3d at 73-75.

6

The district court made its dismissal on *forum non conveniens* grounds subject to several conditions enumerated in its opinion. *In re Air Crash Near Peixoto*, 574 F. Supp. 2d at 290. In addition to those conditions, which remain operative, Defendants have agreed that the Pilot Defendants, Joseph Lepore and Jan Paul Paladino, will submit to videotaped depositions in the United States, and that Defendants will not object in Brazilian proceedings to the admissibility of those depositions on the basis of either (1) the fact that the depositions were conducted in the United States, or (2) the format of the testimony.

The Court has reviewed Plaintiff's remaining arguments and finds them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

                                        For the Court
                                        Catherine O'Hagan Wolfe, Clerk


                                        By: _____